UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2014 PA (FMOx) | | Date | May 8, 2012 |
|---|---|---|---|---|
| Title | Charles Curtis v. ABB, Inc., et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS—ORDER TO SHOW CAUSE

In the parties' 26(f) Joint Report, defendants state that they are "currently evaluating a venue motion in this matter."

According to the First Amended Complaint ("FAC"), plaintiff Charles Curtis ("Plaintiff") is a citizen of Missouri.  Plaintiff alleges that he was exposed to asbestos when he was employed as an electrician while serving in the United States Navy on the USS Hancock in Oakland, at the Long Beach Naval Ship Yard, at the San Diego Naval Base, and at Hunter's Point Naval Ship Yard in San Francisco from 1955 to 1958.  Plaintiff also alleges that he was exposed to asbestos while employed as an electrician from 1955 to 1998 in Tennessee, Arkansas, Wyoming, Colorado, and Missouri, and while performing maintenance on his automobiles from 1959 to 1993.

The Court orders the parties to show cause, in writing not to exceed 15 pages, why this action should not be transferred to the United States District Court for the Western District of Missouri, Western Division ("W.D. Mo."),[1] for the convenience of the parties and witnesses, and in the interests of justice.  See 28 U.S.C. §§ 105(b)(1), 1404(a).  All factual matters relied upon in the parties' submissions must be supported by appropriate declarations and admissible evidence.  To assist the Court in determining whether transfer is appropriate and in the interest of justice, the parties are directed to address the following, in addition to sharing their beliefs as to which forum is more convenient for the parties and witnesses:

1.    Whether this action could have been brought in the W.D. Mo.;

2.    Whether venue is appropriate in the W.D. Mo.;

_____

[1]    The 26(f) Report indicates that Plaintiff has served a Deposition Notice indicating that his counsel has scheduled his deposition in Clinton, Missouri.  Because Clinton, Missouri is located within the Western District of Missouri's Western Division, this Court has identified the W.D. Mo., as a likely alternative venue.  If the parties believe there is another appropriate, or more appropriate, venue within Missouri, they should provide evidence in support of any such assertion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2014 PA (FMOx) | Date | May 8, 2012 |
|---|---|---|---|
| Title | Charles Curtis v. ABB, Inc., et al. | | |

3.      What contacts, if any, each of the parties has to the Central District of California (the "Central District") and the W.D. Mo.;

4.      What connection Plaintiff's causes of action have to the Central District and the W.D. Mo., including the length of time Plaintiff was working with or otherwise exposed to Defendants' asbestos-containing products while Plaintiff was actually present in the Central District;

5.      Whether the law of California, Missouri, Tennessee, Arkansas, Wyoming, Colorado, or maritime law, will govern this case;

6.      Which witnesses are expected to be called and where they reside;

7.      The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District as compared to the W.D. Mo.;

8.      The ease of access to sources of proof in each of the two forums;

9.      The expected difference in the cost of litigation in the Central District as compared to the W.D. Mo.; and

10.     Whether there are any alternative forums other than the Central District or the W.D. Mo.– in particular the Southern or Northern District of California, the Eastern or Western Districts of Arkansas, the United States District Court of Colorado, the Eastern, Middle, and Eastern Districts of Tennessee, the United States District Court of Wyoming, or another District within Missouri – that would be more convenient for this action, keeping in mind the inquiries above.[2]

        The parties' responses to this Order shall be filed by May 15, 2012.  The failure by Plaintiff to timely respond to this Order may result in the transfer of this action to the W.D. Mo. without further notice or the imposition of sanctions.

        IT IS SO ORDERED.

_____

        [2]     For any District that contains multiple Divisions, the parties shall identify both the District and Division they believe is more convenient.