UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2014 PA (FMOx) | Date | May 24, 2012 |
|---|---|---|---|
| Title | Charles Curtis v. ABB, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court has reviewed the Third Amended Complaint ("3rdAC") filed by plaintiff Charles Curtis ("Plaintiff") against more than 50 defendants he alleges exposed him to asbestos. The Court had dismissed the prior Complaints because of inadequate diversity jurisdiction allegations. In support of its invocation of this Court's jurisdiction, the 3rdAC alleges:

> This court has federal-question jurisdiction over this case pursuant to 28 U.S.C. section 1331 because the Defendants will undoubtedly raise the Governmental Contractor Defense (the the plaintiff should not be able to impose on a government contractor a duty under state law that is contrary to the duty imposed by a government contract) which is a federal affirmative defense involving a federal question. (i.e., see Vernon P. Lannes v. Air & Liquid Systems Corporation, et all, USCD Case No. 2:2012-cv-01876.) Therefore, Plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Plaintiff has mesothelioma, an invariably fatal cancer. Plaintiff chose to file his complaint in Federal Court to expedite [the matter] since the case will inevitably be removed to Federal Court by the Defendants based on the Governmental Contractor Defense.
>
> This court also has federal-question jurisdiction over federal maritime personal injury claims pursuant to 28 U.S.C. section 1333. This court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. section 1367.

(3rdAC 5:14-27.)

Plaintiff's invocation of the governmental contractor defense as a basis for federal question jurisdiction is improper. Federal question jurisdiction does not exist where the complaint is based on state law, even if defendants are certain to raise issues of federal law, or a federal defense, to a plaintiff's claims. See Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127-28, 94 S. Ct. 1002, 1004 (1974)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2014 PA (FMOx) | Date | May 24, 2012 |
|---|---|---|---|
| Title | Charles Curtis v. ABB, Inc., et al. | | |

("The federal questions 'must be disclosed upon the face of the complaint, unaided by the answer.' Moreover, 'the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense.'") (quoting Gully v. First Nat'l Bank, 299 U.S. 109, 113, 57 S. Ct. 96, 98 (1936)); Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152, 29 S. Ct. 42, 43 (1908) ("It is not enough that the plaintiff alleges some anticipated defense to his cause of action."). The fact that the Court may possess removal jurisdiction over the action pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a), does not allow a plaintiff to file a removable action in federal court in the first instance. Mir v. Fosburg, 646 F.2d 342, 344 (9th Cir. 1980) ("[U]nlike removal pursuant to 28 U.S.C. § 1441, a district court has jurisdiction to hear an action removed pursuant to 28 U.S.C. § 1442(a) even if the initial action could not have been commenced by the plaintiff in a federal forum.").

Plaintiff also alleges that the Court possesses maritime jurisdiction over some of the claims and supplemental jurisdiction over the remaining claims. According to the 3rdAC, Plaintiff alleges that he was exposed to asbestos-containing products while he served in the Navy aboard the USS Hancock from 1955 to 1958, while employed as a general electrician from 1958 to 1998 in Tennessee, Arkansas, Wyoming, Colorado, and Missouri, and while performing maintenance on his personal vehicles from 1959 to 1993. Plaintiff therefore appears to allege that his exposure while serving in the Navy triggers the Court's maritime jurisdiction, and that the Court possesses supplemental jurisdiction over the claims arising out of his exposure while working as an electrician and performing maintenance on his vehicle. 28 U.S.C. section 1367 provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

Because Plaintiff was allegedly exposed to certain asbestos-containing products while serving in the Navy, and other asbestos-containing products years later in different locations, it is not clear that those exposures "form part of the same case or controversy" as the exposures supporting Plaintiff's assertion of the Court's maritime jurisdiction. The Court therefore orders Plaintiff to show cause in writing why the supplemental claims should not be dismissed because they fail to satisfy section 1367's same case or controversy requirement, or alternatively, why the Court should not decline to exercise supplemental jurisdiction over the non-maritime claims pursuant to 28 U.S.C. § 1367(c). In responding to the order to show cause, Plaintiff shall identify with specificity each defendant over which he alleges the Court possesses maritime jurisdiction, and those defendants over which he alleges the Court possesses only supplemental jurisdiction. Plaintiff's response to the Order to Show Cause shall be filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2014 PA (FMOx) | Date | May 24, 2012 |
|---|---|---|---|
| Title | Charles Curtis v. ABB, Inc., et al. | | |

no later than June 4, 2012.  Should defendants wish to respond to the Order to Show Cause, they must meet and confer amongst themselves and prepare either a single joint defense response to the Order to Show Cause, or at most two joint defense responses, with one response from the maritime defendants and a second response from the non-maritime defendants.  The joint defense response or responses to the Order to Show Cause, if any, shall be filed no later than June 11, 2012.

    IT IS SO ORDERED.